IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| SOUTHERN APPALACHIAN BIODIVERSITY PROJECT and WILD SOUTH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:05-CV-240 |
| UNITED STATES FOREST SERVICE and DALE BOSWORTH in his official capacity as CHIEF OF THE U.S. FOREST SERVICE, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is an action for judicial review under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the release of records requested by the plaintiffs from defendant United States Forest Service ("USFS").[1] Now before the court are defendants' motion for summary judgment [doc. 27] and plaintiffs' cross-motion for summary judgment [doc. 33]. For the reasons that follow, defendants' motion will be granted, plaintiffs' motion will be denied, and this cause will be dismissed.

---

[1] Plaintiffs correctly concede that defendant Bosworth is not a proper party to this action. The FOIA authorizes suit only against federal agencies and does not create a cause of action against agency employees. *See, e.g., Sherwood Van Lines, Inc. v. United States Dep't of the Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990).

I.

*Background*

In August 2004, the USFS issued the Walnut Mountain Project Proposal ("WMPP") pertaining to certain land in the Watauga Ranger District of the Cherokee National Forest in Carter County, Tennessee. The WMPP was prepared by an Interdisciplinary Team ("IDT") of Cherokee National Forest employees at the direction of District Ranger Candace Wyman.

The USFS characterized the WMPP as a plan for "enhancing wildlife habitat and restoring natural communities." Conversely, the plaintiff non-profit environmental organizations considered the project to be little more than a commercial timber sale with no meaningful alternatives offered by the agency.[2]

On September 29, 2004, plaintiffs submitted an FOIA request to the USFS "deal[ing] with discussion (or lack thereof) of viable alternatives . . . that should have been, but were not[,] considered in the Walnut Mountain Project." The request sought, for example,

---

[2] By letter dated November 10, 2005, District Ranger Wyman announced the cancellation of the WMPP, citing her assessment that "[t]he purpose and need statement was not developed in sufficient detail, and there is an insufficient range of alternatives analyzed to fully address the issues raised in scoping."

> All letters, emails, documents, memos, informal notes, etc., including sidebars and handwritten or typed margin notes, sent to, from, or among any Forest Service staff, including line officers or any other person in the employment of (including contractors, etc.) the US Forest Service directing or related to the discussion of any and all alternatives, or parts of alternatives, that were formally or informally considered for the Walnut Mountain Project, whether the alternative was (or could be in the future) included in the documents provided for public comment or not.

On December 16, 2004, Regional Forester Robert Jacobs issued a "final response" to plaintiffs' request, advising that only 314 pages of the 1,052 page record would be released. Invoking Exemption 5 of the FOIA, the USFS withheld the records that it deemed "draft documents, draft alternatives, and email messages between colleagues containing opinions, internal debates and deliberations."

On January 21, 2005, plaintiffs filed an FOIA appeal with the USFS regarding the partial denial of their request. After numerous follow-up calls and letters by the plaintiffs, the USFS issued a partial response on July 13, 2005, and a final response on November 3, 2005. Regarding the delay, the USFS cites "a substantial backlog of FOIA appeal requests." Additional records were released as a result of plaintiffs' appeal, but approximately 400 pages remain withheld in whole or in part under Exemption 5.

II.

*Applicable Legal Standards*

The FOIA provides for *de novo* review of an agency's decision to withhold records. 5 U.S.C. § 552(a)(4)(B). The FOIA was enacted "to pierce the veil of

3

administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). Compelled agency disclosure is, however, subject to nine exemptions set forth at 5 U.S.C. § 552(b). The exemptions are exclusive and are to be narrowly construed. *Rose*, 425 U.S. at 361.

Exemption 5 provides that the FOIA "does not apply to matters that are inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency[.]" 5 U.S.C. § 552(b)(5). It is the USFS's burden to prove, and not plaintiffs' burden to disprove, that the disputed materials have been properly withheld under Exemption 5. *See United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989).

Courts frequently decide FOIA cases through the use of a "*Vaughn* index." "A *Vaughn* index is a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material." *Jones v. FBI*, 41 F.3d 238, 241 (6th Cir. 1994) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)). *Vaughn* indices are commonly relied upon because a more detailed description of the withheld material could bring about the very disclosure that the defendant seeks to avoid. *Jones*, 41 F.3d at 242. *In camera* review of the disputed documents is unnecessary if the *Vaughn* index provides adequate detail and justification. *Id.* at 243. "If the government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and

consistent with the applicable law, the district court should uphold the government's position." *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001) (citation omitted).

Agency actions, and *Vaughn* indices, are typically entitled to a presumption of good faith. *Jones*, 41 F.3d at 242. *Vaughn* indices are often accompanied by detailed affidavits through which the agency may further justify its claims of exemption, and such affidavits are also entitled to a presumption of good faith. *Rugiero*, 257 F.3d at 544. These presumptions may be overcome either where there is evidence of bad faith by the agency in the handling of the FOIA request, or where there is evidence of bad faith in the agency activities that gave rise to the documents at issue. *Jones*, 41 F.3d at 242.

Even if a document falls within one of the statute's exceptions, the FOIA requires disclosure of "[a]ny reasonably segregable portion" of the record. 5 U.S.C. § 552(b). The agency bears the burden of showing that the portions withheld are not reasonably segregable. *Rugiero*, 257 F.3d at 553.

Cases interpreting Exemption 5 "uniformly rest the privilege on the policy of protecting the decision making processes of government agencies . . . and focus on documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (citations and quotations omitted). Exemption 5 protects from disclosure those deliberative communications occurring prior to, and in the

process of, the agency's final decision. *Id.* at 151. "Exemption 5, properly construed, calls for disclosure of all opinions and interpretations which embody the agency's effective law and policy, and the withholding of all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *Id.* at 153 (citations and quotations omitted).

III.

*Analysis*

The court has reviewed the revised *Vaughn* index submitted by the USFS, along with the affidavits of District Ranger Wyman and Sharon Turner, who is an FOIA Management Analyst for the USFS. The court finds that the defendant agency has carried its burden of fairly describing the content of the material withheld and that it has adequately stated reasonable, lawful grounds for nondisclosure. The USFS's position will accordingly be upheld. *See Rugiero*, 257 F.3d at 544.

The court finds that the revised *Vaughn* index sufficiently describes the documents withheld and indicates why Exemption 5 applies. The court credits the declarations of Ms. Turner and District Ranger Wyman, which explain that the documents contain preliminary analysis and recommendations pertaining to various options and proposals. Those are the very type of records that Exemption 5 has been construed to protect. *See Sears*, 421 U.S. at 150, 153.

The court further concludes that the USFS has carried its burden of sufficiently

explaining why certain partially factual documents were withheld in their entirety rather than in redacted form. For example, the revised *Vaughn* index describes documents 8 and 27 as containing both maps and handwritten notes. It explains that, even if the notes were redacted, the maps would reveal which forest areas were considered for WMPP inclusion in the IDT's deliberative process. *See, e.g., Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 85 (2d Cir. 1979) (Withholding of factual material is proper where disclosure would reveal the deliberative process by demonstrating which facts were considered significant by the decisionmakers); *Wash. Research Project, Inc. v. Dep't of Health, Educ. & Welfare*, 504 F.2d 238, 250-51 (D.C. Cir. 1974) ("[T]he judgmental element arises through the necessity to select and emphasize certain facts at the expense of others.").

       The court declines plaintiffs' invitation to set aside the presumption of good faith to which affidavits and *Vaughn* indices are entitled. Plaintiffs argue that the agency's delay in processing their FOIA appeal is evidence of bad faith. *See* 5 U.S.C. § 552(a)(6)(A)(ii) (establishing twenty-day response deadline for FOIA appeals). Plaintiffs offer, however, no evidence to counter the USFS's explanation that the delay was nothing more than the result of an administrative backlog. Mere tardiness, without more, does not equal bad faith. *See Barvick v. Cisneros*, 941 F. Supp. 1015, 1019 (D. Kan. 1996); *see also Rugiero*, 257 F.3d at 545 (no bad faith where one defendant "required prodding from the district court to conduct its search"); *Jones*, 41 F.3d at 243 (bad faith exists "where it becomes apparent that the subject matter of a request involves activities which, if disclosed,

7

would publicly embarrass the agency or that a so-called 'cover-up' is presented[.]") (citation omitted).

The delayed resolution of their administrative appeal also does not entitle plaintiffs to any form of independent relief. *See Barvick*, 941 F. Supp. at 1019-1020. Instead, plaintiffs could have brought their appeal to this court as soon as the § 552(a)(6)(A)(ii) deadline passed. *See* 5 U.S.C. § 552(a)(6)(C); *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 63-64 (D.C. Cir. 1990). Plaintiffs, however, waived that option by continuing to wait for an answer from the USFS.

Lastly, to the extent that plaintiffs now argue that disclosure is mandated by the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370f, such argument is unavailing. Disclosure under NEPA is subject to FOIA, including Exemption 5. *See* 42 U.S.C. § 4332(C); *Missouri v. United States Army Corps of Eng'rs*, 147 F.3d 708, 711 (8th Cir. 1998). Similarly, plaintiffs are not entitled to relief under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. The APA governs only where no other adequate remedy is available. *See* 5 U.S.C. §§ 703-704; *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). "Clearly, the FOIA provides an adequate remedy, and therefore, the plaintiff has failed to state a claim upon which relief may be granted under the APA." *Mettetal v. United States Dep't of Justice*, No. 2:04-CV-410, 2006 WL 2589003, at *5 (E.D. Tenn. Sept. 7, 2006).

IV.

*Conclusion*

For the reasons provided herein, the USFS's withholding of the remaining records will be upheld under Exemption 5. An order consistent with this opinion will be entered.

ENTER:

      s/ Leon Jordan
United States District Judge